UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE STANDARD FIRE INSURANCE COMPANY,<br>　　Plaintiff and Defendant in Counterclaim,<br><br>　　　　v.<br><br>TIMOTHY W. GOODMAN,<br>　　Defendant and Plaintiff in Counterclaim. | C.A. No. 10-10506-MLW |

### JUDGMENT

WOLF, D.J.                                                                       March 4, 2013

After trial of the claims and counterclaims in this case, on March 4, 2013 the court orally stated in court its Findings of Fact and Conclusions of Law pursuant to Federal Rule of Civil Procedure 52(a). Based on those findings and conclusions, judgment is entered for plaintiff Standard Fire Insurance Company ("Standard Fire") as follows:

1. With regard to Standard Fire's request for a declaratory judgment pursuant to 28 U.S.C. §2201, judgment is entered for Standard Fire because under Section 3 of its policy insuring defendant Timothy Goodman's M/V Nobska (the "Policy"):

　　a)　The gel coat alone is an "item" for the purpose of the exclusion in §3.C.7 of the Policy.

　　b)　There was a latent defect in the gel coat on the M/V Nobska.

　　c)　The latent defect in the gel coat caused slight "resulting damage" to the skincoat of the M/V Nobska.

　　d)　Marine paint is a replacement for gel coat.

e) The only loss sustained by defendant was the cost of replacing the defective gel coat with marine paint.

f) Because §3.C.7 of the Policy excludes from coverage "the cost of replacing or repairing any item having a latent defect," Standard Fire did not breach its contract with defendant by declining to pay that cost, and is not obligated to pay the cost of replacing the gel coat with marine paint either under the Policy or as damages.

2. With regard to defendant's counterclaims, judgment shall enter for Standard Fire on:

a) Count I (Breach of Contract).

b) Count II (Violation of M.G.L. c. 93A and 176D).

c) Count III (Unjust Enrichment).

d) Count IV (Breach of Covenant of Good Faith and Fair Dealing).

_____
UNITED STATES DISTRICT JUDGE